# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| In Re: 20-30268-EDK | ) | Chapter 7 Proceeding |
| | ) | |
| **Nicholas J. Dowd** | ) | |
| Debtor | ) | |
| | ) | |
| **RoundPoint Mortgage Servicing Corporation** | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **Nicholas J. Dowd** | ) | |
| **and David W. Ostrander, Trustee** | ) | |
| Respondent | ) | |

## ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

After notice and a hearing on RoundPoint Mortgage Servicing Corporation (hereafter, the "Movant") Motion for Relief from the Automatic Stay, (hereafter, the "Motion") Doc. I.D. No. ___:

**IT IS HEREBY ORDERED** that the Motion is Granted—the automatic stay of 11 U.S.C. § 362(a) is modified to permit the Movant, its designated servicing agent, and/or its successors and assigns to commence, continue, and prosecute to judgment a foreclosure action and otherwise exercise its rights, if any, with respect to real property known as **897 Orchard Lane, Aspers, Pennsylvania 17304** in accordance with applicable state law, and

**IT IS FURTHER ORDERED** that the Movant, its designated servicing agent, and/or its successors and assigns may, at its option, offer, provide, and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement, including accepting a deed in lieu of foreclosure from the Debtor. The Movant or its designated servicing agent may contact the Debtor via telephone or written correspondence to offer such an agreement. In the event the Debtor receives a discharge, any such agreement shall be non-recourse against the Debtor unless Movant's debt was included in a reaffirmation agreement.

**IT IS FURTHER ORDERED** that the Movant may assess the Debtor's mortgage account with reasonable attorney's fees and costs in connection with this Motion. In the event the Debtor receives a discharge, such fees and costs shall be non-recourse against the Debtor unless included in a reaffirmation agreement.

The provisions of Fed. R. Bankr. P. 4001(a)(3) HAVE NOT been waived.

Dated: 7/7/2020

BY THE COURT

_____
Honorable Elizabeth D. Katz
U.S. Bankruptcy Judge